FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 19 2014

DAVID J. MALAND, CLERK
BY
DEPUTY_____

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | 6:14CR64 |
| | § | Judge Davis / Love |
| AARON DEL SMITH | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

                Violation: 21 U.S.C. § 841(a)(1) (Possession with intent to distribute methamphetamine)

On or about, August 14, 2014, in Gregg County, Texas, in the Eastern District of Texas, **Aaron Del Smith**, Defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute approximately 862.16 grams of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## Count Two

> Violation: 18 U.S.C. § 924(c) (Use, Carrying, and Possession of Firearms During and in Furtherance of a Drug Trafficking Crime)

On or about August 14, 2014, in Gregg County, Texas, in the Eastern District of Texas, **Aaron Del Smith**, Defendant herein, did knowingly and intentionally use, carry, and possess firearms, to wit:

a Glock 32, .357 caliber pistol, bearing serial number UYY271; and

a Glock 36, .45 caliber pistol, bearing serial number XDT945;

during and in furtherance of a felony drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute methamphetamine, a Schedule II controlled substance, a violation of 21 U.S.C. § 841(a)(1), as alleged in Count 1.

In violation of 18 U.S.C. § 924(c).

## Count Three

>Violation: 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm)

On or about August 14, 2014, in Gregg County, Texas, in the Eastern District of Texas, **Aaron Del Smith**, Defendant herein, did knowingly and unlawfully possess firearms, specifically:

a Glock 32, .357 caliber pistol, bearing serial number UYY271; and

a Glock 36, .45 caliber pistol, bearing serial number XDT945;

which firearms had been shipped in interstate commerce, and the Defendant possessed the firearms after having been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically the felony offense of Possession of a Schedule II Controlled Substance, in Caddo Parish, Louisiana, in 2011.

In violation of 18 U.S.C. § 922(g)(1).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853, and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this Indictment, Defendant herein, shall forfeit to the United States pursuant to 21 U.S.C. § 853, and 28 U.S.C. § 2461 any property constituting, or derived from proceeds the person obtained directly or indirectly, as the result of such violation; and any and all personal property used or intended to be used to commit the offense, including but not limited to the following:

**Cash Proceeds**
Approximately $25,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Indictment.

**Conveyances**
a Glock 32, .357 caliber pistol, bearing serial number UYY271; and
a Glock 36, .45 caliber pistol, bearing serial number XDT945
assorted magazines and ammunition

**Substitute Assets**
If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant –

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with a third person;
    (c)    has been placed beyond the jurisdiction of the court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by defendant.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the Defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, and 28 U.S.C. § 2461.

A TRUE BILL,

*BK*
FOREPERSON OF THE GRAND JURY

Date: 11-19-2014

JOHN M. BALES
UNITED STATES ATTORNEY

*Mary Ann Cozby*
MARY ANN COZBY
ASSISTANT U.S. ATTORNEY
Bar Card No. 02656020
110 N. College Avenue, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § § | 6:14CR____ Judge Davis |
| AARON DEL SMITH | § | |

## NOTICE OF PENALTY

### Count One

Violation:   21 U.S.C. §§ 841(a)(1)

Penalty:   If more than 50 grams of actual methamphetamine, not less than 10 years nor more than life imprisonment, a fine not to exceed $10,000,000, or both, and supervised release of at least 5 years.

If this violation was committed after a prior conviction for a felony drug offense has become final, not less than 20 years nor more than life imprisonment, a fine of up to $20,000,000, or both – supervised release of at least 10 years.

Special Assessment:   $100.00

## Count Two

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) |
| Penalty: | Imprisonment for not less than 5 years nor more than life which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, and supervised release of not more than 5 years. |
| Special Assessment: | $100.00 |

## Count Three

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) |
| Penalty: | Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
| Special Assessment: | $100.00 |